U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAY 3 1 2007

ROBERT H. SHEMWELL, CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DONALD L. TOUCHET | DOCKET NO. 07-CV-0087 |
| VERSUS | JUDGE DRELL |
| NATCHITOCHES PARISH DETENTION CENTER | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Donald L. Touchet, filed *in forma pauperis* on January 12, 2007. Touchet is a pretrial detainee incarcerated at the Natchitoches Parish Detention Center ("NPDC"). He filed suit against the Natchitoches Parish Detention Center claiming that he is being denied proper medical care.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the court. For the following reasons, it is recommended that the complaint be DENIED and DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim for which relief may be granted.

## STATEMENT OF THE CASE

According to Plaintiff, on November 15, 2006, he was approached by two Natchitoches City Police detectives who brought Plaintiff to the police station for questioning. [Doc. #1-1, p.3] Plaintiff repeatedly asked why he was being questioned, but the officers did not answer. Eventually, the officers told Plaintiff that they needed to ask him some questions and that he needed to tell the truth. Plaintiff states that he then informed the officers that he suffered from bipolar disorder and was disabled. He told the officers that he needed to see a doctor and needed his medication for bipolar

disorder. [Doc. #1-1, p.4-5]

According to Plaintiff, he was having a "manic episode" at the time he was booked into the NPDC. Plaintiff states that, on the evening of the arrest, an officer administered to Plaintiff his medication "minus [his] prescription dose of generic Clonapin which he kept for evidence." Plaintiff was placed in isolation for two days, during which time he saw the nurse four times. The nurse determined that Plaintiff was not a threat to himself or to others, and Plaintiff was released back into the general population.

Plaintiff complains that it took one week for his Clonapin to arrive at his house via Federal Express from the Veterans' Administration. Plaintiff's fiancé brought the medication to the NPDC, and Plaintiff was administered his dosage that night. However, he claims that he did not receive another dose for three nights and did not received his Clonapin on twelve out of forty-nine nights at the NPDC. Plaintiff provides that, prior to his arrest, he would take his medication at 8:00 a.m. and 10:00 p.m. daily. He complains that NPDC is providing his morning medicine any time from 6:45 a.m. to 11:00 a.m., and his evening dosage anywhere from 7:30 p.m. to 10:40 p.m.

Plaintiff initially alleged that he had not seen a doctor despite several requests at NPDC. However, he amended his complaint recently noting that he was taken to the "Mental Health Center" for the second time on March 5, 2007, where he met with a psychiatrist. According to Plaintiff, the psychiatrist diagnosed him with schizoaffective disorder. Plaintiff complains that NPDC failed to take him to an appointment with a social worker on March 23, 2007, so the appointment had to be rescheduled for April 13, 2007.

Plaintiff seeks "immediate release to an outpatient facility in Natchitoches and appropriate compensation."

## LAW AND ANALYSIS

I.   Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court must evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Hernandez, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every pro se complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe in forma pauperis complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir.1994).

II.   Non-Juridical Person

First, Plaintiff names the NPDC as the sole defendant. Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether NPDC has the capacity to be sued in

3

this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. The Natchitoches Parish Detention Center is a parish corrections facility operated by the Sheriff of Natchitoches Parish.[1] It is a non-juridical person and is therefore incapable of being sued.

III.   Deliberate Indifference

Still, even if Plaintiff had named a proper party defendant, Plaintiff's § 1983 claim regarding medical care would fail.

As a pretrial detainee, Plaintiffs rights flow from the due process clause of the Fourteenth Amendment. See Hare v. City of Corinth, Miss., 74 F.3d 633, 639 (5th Cir. 1996) (en banc). The duty owed to pretrial detainees under the Due Process Clause is measured under the subjective definition of deliberate indifference. Id. at 648. To prevail on a § 1983 claim that his medical care (or lack of care) violated the Constitution, a pretrial detainee must show that prison or jail officials "had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk." Hill v. Breazeale, 197 Fed. Appx. 331, 337 (5th Cir. 2006), *citing* Hare 74 F.3d at 650.

Plaintiff has not alleged that the prison officials acted with deliberate indifference. He has described, at best, negligence on the part of the officials at the Natchitoches Parish Detention Center.

---

[1] Compare La. Atty. Gen. Op. No. 03-0437, 2003 WL 23146623; see also, Langley v. City of Monroe, 582 So.2d 367 (La. App. 2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and insuring that prisoners are properly cared for, fed and clothed.)

However, negligence and malpractice are *insufficient to state a claim of deliberate indifference.* See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991)(negligence or even malpractice will not support a claim of deliberate indifference); see also Ware v. Zeller, 2006 U.S. App. LEXIS 28180 (5th Cir. 2006)(unpublished opinion relying on Varnado); Blanton v. Stacks, 136 Fed. Appx. 715, 716 (5th Cir. 2005)(unpublished opinion relying on Varnado). Plaintiff has not shown, and cannot establish, that the employees of NPDC *purposefully ignored* a serious illness or injury and that he suffered as a result of their actions or lack thereof. See Wilson v. Seiter, 501 U.S. 294, 297 (1991).[2]

For the foregoing reasons, Plaintiff's complaint is frivolous and fails to state a claim for which relief can be granted. See Neitzke v. Williams, 490 U.S. 319 (1989). Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation

---

[2]To the extent that Plaintiff would sue the warden as a supervisor of the medical staff at NPDC, the acts of subordinates trigger no individual liability for supervisory officers under § 1983. See Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314(5th Cir.1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of the prisoner's constitutional rights, or in those instances where there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir.1987); Douthit v. Jones, 641 F.2d 345, 346 (5th Cir.1981) (per curiam).

to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 31st day of May, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE